480 P.2d 849 (1970)
DENVER UNITED STATES NATIONAL BANK, as Executor under the Will of Addalee Dittman, Plaintiff in Error,
v.
The PEOPLE of the State of Colorado on the Relation of Duke W. DUNBAR, Attorney General, Defendant in Error.
No. 70-398. (Supreme Court No. 24100.)
Colorado Court of Appeals, Division II.
December 15, 1970.
Rehearing Denied January 12, 1971.
Certiorari Denied March 1, 1971.
*850 Wormwood, Wolvington, Renner & Dosh, Laird Campbell, Richard G. Peterson, Denver, for plaintiff in error.
Duke W. Dunbar, Atty. Gen., Lon J. Putnam, Asst. Atty. Gen., Denver, for defendant in error.
Isaacson, Rosenbaum, Goldberg & Miller, Professional Corp., Louis G. Isaacson, Harvey E. Deutsch, Denver, amicus curiae.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
We will refer to plaintiff in error as executor, and to defendant in error as commissioner.
Addalee Dittman died testate May 19, 1967. In her will, duly admitted to probate, she left the residue of her estate in trust for the benefit of Susan C. Doughty whom she designated as her granddaughter. Actually Susan was the daughter of the testatrix' deceased stepdaughter.
The inheritance tax commissioner, in his report filed in the probate court, classified Susan as a Class D beneficiary under C.R.S.1963, 138-3-14(2), and assessed the tax accordingly. The executor filed an objection to the assessment on the ground that Susan should be classified as a Class A beneficiary. After a hearing the trial court sustained the assessment. The executor asserts the trial court erred in its interpretation of the statute.
C.R.S.1963, 138-3-14, as amended, imposes an inheritance tax which is graduated by dividing beneficiaries into classes. Subparagraph (2) provides in pertinent part:
"(2) The following beneficiaries shall be included in:
(a) Class A. Father, mother, husband, wife, child, stepchild, or any child or children legally adopted as such, or to any lineal descendant of such decedent; * * *.
* * * * * *
(d) Class D. All other persons and corporations not exempt from taxation under this article."
Classes B and C include various other relatives of a decedent and are not pertinent here.
The words of the statute create no doubt here. The provision lists the designated beneficiaries in a series of generations, i. e., parents, spouses, children, and, finally lineal descendants "of such decedent." The listing of lineal descendants as a separate category clearly indicates that "child", whether natural, step-, or adopted, does not include the offspring of such child. Lineal descendants are included because of their relationship to the decedent, rather than to their immediate parent. Thus Susan cannot qualify as a stepchild.
Neither does she qualify as a lineal descendant of the decedent. The inclusion of "stepchild" in the tax classification does not change the relationship of the parties and does not make Susan a "legal" grandchild. The executor urges that, since adopted children and their issue are given the "legal" status of natural children and their issue (People ex rel. Dunbar v. White, 144 Colo. 212, 355 P.2d 963), the same "legal" status must be given to the issue of stepchildren. However, adopted children and their issue achieve their status from the adoption statutes and not because of the inclusion of a "child * * * legally *851 adopted" in the tax statute. There is no such statute pertaining to a stepchild.
A "descendant" is "[A] person who proceeds from the body of another, such as a child, grandchild, etc., to the remotest degree." Black's Law Dictionary 530 (Revised 4th ed.) A stepchild clearly does not come within this definition and neither such child nor his or her offspring can be considered to be a lineal descendant even by the most liberal construction.
The executor asserts that the statute should be liberally construed in favor of the taxpayer and that under such a construction Susan should be regarded either as a stepchild or as a lineal descendant.
It is well established in Colorado that the Inheritance Tax Statute must be liberally construed in favor of the taxpayer. People v. Koenig, 37 Colo. 283, 85 P. 1129; People v. Elliff, 74 Colo. 81, 219 P. 224. The commissioner admits this general rule but asserts that this section creates exceptions from the tax and therefore should be construed strictly against the taxpayer. Although exemption provisions of taxing statutes are strictly construed against the taxpayer, the rule is inapplicable here. A provision which names the class or classes of persons to whom graduated rates apply does not create an exemption. People v. Snyder, 353 Ill. 184, 187 N.E. 158, 88 A.L.R. 1012.
However, liberal construction does not permit a court to rewrite the statute and is only used when the wording of the statute creates a doubt. Phipps v. Commissioner of Internal Revenue, 10 Cir., 91 F.2d 627. In Moran v. Leccony Smokeless Coal Co., 122 W.Va. 405, 10 S.E.2d 578, 136 A.L.R. 1007, it was stated,
"No rule of law, or interpretation of tax statutes in favor of taxpayers, requires us to raise doubts as to the meaning of an act, where, in giving words their plain and usual meaning, no doubt can reasonably arise."
The brief of the amicus curiae raises as an additional issue the assertion that the trial court's interpretation of the statute renders the statute unconstitutional. Since this issue was not raised by the executor, it will not be considered by this court. Farmers' Union Ditch Co. v. Rio Grande Canal Co., 37 Colo. 512, 86 P. 1042. As was stated in Eggert v. Pacific States Savings & Loan Co., 57 Cal.App.2d 239, 136 P.2d 822.
"[T]he rule is universally recognized that an appellate court will consider only those questions properly raised by the appealing parties. Amicus curiae must accept the issues made and propositions urged by the appealing parties, and any additional questions presented in a brief filed by an amicus curiae will not be considered."
The order of the probate court is affirmed.
COYTE and ENOCH, JJ., concur.