481 P.2d 420 (1971)
The PEOPLE of the State of Colorado, Neil Tasher, Inheritance Tax Commissioner of the State of Colorado, Plaintiff in Error,
v.
ESTATE of William J. MURPHY, Deceased, and William J. Fischahs, as Executor, Defendants in Error.
No. 70-543, (Supreme Court No. 24020.)
Colorado Court of Appeals, Div. I.
February 2, 1971.
Duke W. Dunbar, Atty. Gen., Lon J. Putnam, Asst. Atty. Gen., for plaintiff in error.
Raphael M. Solot, William K. Hickey, Denver, for defendants in error.
Selected for Official Publication.
*421 COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The basic facts, stipulated to below, are these: In 1948, the decedent, William Murphy, divorced his wife who took custody of their three children by this marriage. She subsequently remarried and her new husband, with the decedent Murphy's consent, adopted the three children. By a will executed in 1964, the decedent left certain property to be divided equally among "* * * the following children of mine * * *," specifically naming the three children. In 1966, the testator, William Murphy, died and these three children each took slightly in excess of $10,000.
The Commissioner claimed that the three should be classified as "Class D Beneficiaries" under the Colorado Inheritance Tax Law, C.R.S.1963, 138-3-14(2) (d), which includes: "All other persons and corporations not exempt from taxation under this article." The executor has disputed this classification, claiming the three should be classified as "Class A Beneficiaries" under C.R.S.1963, 138-3-14(2) (a), which includes "[f]ather, mother, husband, wife, child, stepchild, or any child or children legally adopted as such, or to any lineal descendant of such decedent" (emphasis supplied). The rate of tax is dependent upon which classification the beneficiaries are assigned. Under Class A the maximum rate for these three children would be two percent, whereas if included in Class D the three are subject to an escalating rate of tax rising to ten percent. Also, under Class A the beneficiaries would be entitled to a $10,000 exemption, whereas under Class D they would be entitled to no exemption if the transfer exceeds $500. The trial court found in the executor's favor and the commissioner now appeals.
As framed, the sole issue is whether an adopted child may claim a Class A status when he takes by will from his natural parent, or whether the act of adoption has so severed the ties between them as to make them in effect unrelated, thus subjecting the children to a Class D rate under the inheritance tax law.
The commissioner's basic argument deals with the legislative intent of this statute. It is asserted that if the Adoption Statute, C.R.S.1963, 4-1-11, and Intestate Succession Statute, C.R.S.1963, 153-2-4, are read in conjunction with the inheritance tax statutes, then by construction the adopted child would no longer occupy the status of a child or of a "lineal descendant" of the decedent.
We disagree. What the Adoption Statute does is to place the adopted child in the same legal status as a lineal descendant of the adopting parents, People ex rel. Dunbar v. White, 144 Colo. 212, 355 P.2d 963, and to deprive the natural parents of their rights and obligations to their natural children after adoption. Similarly, the Intestate Succession Act, C.R.S.1963, 153-2-4, no longer permits the adopted child to take by intestate succession from his natural parent, but does not provide that in fact the child is no longer a child of, or a lineal descendant of his natural parent. The effect of both statutes is not to abolish the fact of lineal descent, merely its common law effects in the case of adoption. Denver United States National Bank v. People of the State of Colorado ex rel. Dunbar, 480 P.2d 849 (Colo.App., decided December 15, 1970).
The term "child" or "lineal descendant" is thus a question of fact as to the relationship existing between two persons. The legislature cannot alter the fact that the three children are children of the decedent or lineal descendants of the decedent, although it can eliminate the legal effects emanating from such relationship if it so desires. This it has done in the case of adoption and intestate succession, but it has not done so in regard to inheritance tax.
Because the children are in fact children of William Murphy and lineal descendants *422 of William Murphy, they unquestionably fall within Class A of C.R.S.1963, 138-3-14. To accept the commissioner's argument that by adoption they should fall within Class D, would be to amend judicially the statute. The terms of the statute are clear and unambiguous. Any restrictions to be placed upon them must come from the legislature, not the judiciary.
Judgment affirmed.
DWYER and ENOCH, JJ., concur.