491 P.2d 1391 (1971)
The CIVIL SERVICE COMMISSION FOR the FIRE AND POLICE DEPARTMENT OF the CITY OF AURORA, State of Colorado and the following members, John Menozzi, et al., Plaintiffs in Error,
v.
John Lawrence LEYDON, Defendant in Error.
No. 71-173, (Supreme Court No. 24369.)
Colorado Court of Appeals, Div. I.
August 24, 1971.
Rehearing Denied September 14, 1971.
Certiorari Denied February 7, 1972.
*1392 Leland M. Coulter, City Atty., Aurora, for plaintiffs in error.
Robinson & Henderson, Jerry R. Dunn, Denver, for defendant in error.
Not Selected for Official Publication.
DUFFORD, Judge.
This case was transferred from the Supreme Court pursuant to statute.
This action was initiated by the defendant in error, Leydon, in the district court under R.C.P. Colo. 106(a) (4) to seek review of a decision rendered by the plaintiff in error The Civil Service Commission for the Fire and Police Department of the City of Aurora. That Commission and the other plaintiffs in error have, in turn, brought this appeal from the district court's judgment. At issue is whether Leydon was a probationary employee of the Aurora Police Department or a regularly employed person within that Department at the time he was discharged therefrom by peremptory action of the Police Chief and without the filing of formal charges.
Under the rules and regulations governing Civil Service employees within the Police Department for the City of Aurora, Colorado, a probationary employee may be discharged by the Chief of Police, acting with the approval of the City Manager, but without the filing of any formal charges. A right of appeal to such a discharge is also expressly denied by those rules and regulations.
Leydon was employed by the Aurora Police Department on November 16, 1964. During his probationary period, on August 19, 1965, he was suspended for ten days. On November 22, 1965, he was dismissed by the Chief of Police for activities occurring over the preceding two days. The dismissal was approved by the City Manager. Leydon appealed to the Commission, which ruled in December of 1965 that it had no jurisdiction over the matter because Leydon, in the Commission's view, was a probationary employee. The present Rule 106 action was not instituted until 15 months later.
Without deciding the question as to whether Leydon was precluded by the doctrine of laches in instituting his Rule 106 action in the district court, we hold that the decision of the Commission as to its lack of jurisdiction was correct. We also hold the decision of the district court reversing the Commission and the directions of the court that the Commission reinstate Leydon or award him compensation were erroneous.
Both parties to this appeal concede that Article V, Section 23 of the Civil Service Rules and Regulations of the City of Aurora, Colorado is definitive of Leydon's rights. The provisions of that section which we find applicable to the question before us are as follows:
"APPOINTING AUTHORITY. All appointments within the Civil Service System shall be made by the City Manager. All vacancies in the Civil Service System shall be filled in the following order from a reinstatement list, by demotion, or from an eligibility list. In the absence of persons eligible for appointment in these ways, provisional, *1393 temporary or emergency appointments may be permitted in accordance with this section. All appointments, whether original or promotional, shall be probational for a period of at least six (6) months and shall be at least twelve (12) months in the Police and Fire Departments, * * *."
After reviewing these provisions, we reject Leydon's contention that after the elapse of 12 calendar months from the date of his employment as a probationary employee, and without any consideration being given to periods of suspension during that period, he automatically acquired the status of a permanent employee in the Police Department. The obvious purpose of this section is to define and to condition the powers of the appointing authority. We find nothing within the provisions quoted which is tantamount to a creation of rights in the appointed employee. The plain language of the section, as applied to the Police and Fire Departments, is to require that any appointed employee be retained on a probationary status for at least a 12-month period of time. Such period is, under the wording of the section, an expression of a minimum and not of a maximum period for probationary status. There is nothing within the section specifying that at the end of the 12-month period the employee's probationary status ends and that he automatically assumes the status of a regular employee. Where the meaning of a statutory or regulatory provision is clear and without ambiguity, the courts must enforce it as written and its terms may not be varied or broadened by judicial construction. Jones v. Board of Adjustment, 119 Colo. 420, 204 P.2d 560; Denver U. S. National Bank v. People ex rel. Dunbar, 29 Colo.App. 93, 480 P.2d 849. It was error on the part of the trial court to declare that the above provisions of the Civil Service Commission's Rules and Regulations conferred an automatic permanent employment status upon Leydon at the end of a 12-month period. Leydon's employment status was probationary at the time of his discharge, and accordingly the Commission was correct in its determination that it had no jurisdiction to review.
The judgment of the trial court is reversed, and this cause is remanded to the trial court with the direction that it dismiss Leydon's complaint with prejudice.
SILVERSTEIN, C. J., and ENOCH, J., concur.