549 P.2d 1090 (1976)
CITY AND COUNTY OF DENVER, a Municipal Corporation, et al., Petitioners-Appellants,
v.
The BOARD OF DIRECTORS OF the CASTLEWOOD FIRE PROTECTION DISTRICT, and the Castlewood Fire Protection District, Respondents-Appellees, (and all Taxpaying Electors in the Territory Sought to be Excluded Herein), Respondents.
No. 75-539.
Colorado Court of Appeals, Div. I.
April 15, 1976.
*1091 Max P. Zall, City Atty., Herman J. Atencio, Asst. City Atty., David J. Hahn, Sp. Counsel for City and County, Denver, for petitioners-appellants.
James P. Danahey, Denver, for respondents-appellees.
Selected for Official Publication.
VanCISE, Judge.
Petitioners (Denver) instituted this action pursuant to § 32-1-301 et seq., C.R. S. 1973 (the Act) to exclude from the Castlewood Fire Protection District certain territory which had been previously annexed to Denver. As required by § 303 of the Act, the District and its board of directors and the taxpaying electors in the territory sought to be excluded were made parties and were duly notified of the exclusion proceedings. No appearance has been entered for the taxpayers either in the trial court or here.
By stipulation, decrees were entered in 1974 excluding the territory from the district and determining the amount, nature, and definition of the outstanding indebtedness to which this excluded territory remained subject. The parties then stipulated to the facts, and asked the court to decide whether the property excluded was subject to the property taxes levied by the district for the 1974 taxable year, payable in 1975. The court determined it was. Denver appeals; we affirm.
Denver argues that the court's ruling is contrary to the purpose stated in § 301 of the Act, which is "to facilitate the elimination of the overlapping of services provided by local governments and the double taxation which may occur because of annexation . . . when . . . the territory lies within the boundaries of both a municipality and a special service district." And since property taxes for the year 1974 are collected in 1975 and are used for operating expenses in the latter year, Denver further maintains that the court's decision violates § 308, which states in relevant part:
"Territory excluded from a district . . shall not be subject to any property tax levied by the board of directors of the district for the operating costs of the district."
However, § 305 of the Act provides:
"Any order for exclusion of territory from a special district shall become effective *1092 on the first day of January next following the date the order is entered by the court."
The exclusion order was entered July 12, 1974.
The district is empowered to levy taxes under § 32-5-317, C.R.S. 1973. By § 39-1-105, C.R.S. 1973, the official assessment date for the 1974 taxes was January 1, 1974, and by § 39-1-107, C.R.S. 1973, a lien for such taxes attached to all taxable property in the district on that date. The levy against taxable property to be made by Denver by November 15, 1974, was for property located in the district on the January 1, 1974, assessment date. Section 39-1 111, C.R.S. 1973. The court's exclusion order did not become effective until January 1, 1975, at which time the 1974 taxes had become due and payable to the district.
Reading all of the statutes together, see J. A. Tobin Construction Co. v. Weed, 158 Colo. 430, 407 P.2d 350, we hold, as did the trial court, (1) that the property excluded by the July 12, 1974, order was subject to all property taxes levied by the district for the 1974 taxable year, and (2) that, for the taxable year 1975 and thereafter, the excluded territory is subject only to a levy for taxes for a pro rata share of the district's indebtedness outstanding on January 1, 1975.
Denver contends that the taxpayers concerned are being required to pay double taxation as a result of this decision. However, Denver is not one of the parties being doubly taxed, and thus lacks standing to raise that issue, Miller v. Clark, 144 Colo. 431, 356 P.2d 965, and no person with standing has appeared. Therefore, that issue is not properly before us and we are precluded from deciding it in this appeal. See Denver United States Bank v. People ex rel. Dunbar, 29 Colo. App. 93, 480 P.2d 849.
Judgment affirmed.
COYTE and KELLY, JJ., concur.