In the Matter of **BLACK FOREST FIRE/RESCUE PROTECTION DISTRICT**, a political subdivision of the State of Colorado, Impartial.

**Black Forest/Fire Rescue Protection District, a Colorado Special District, Appellant,**

**and**

David D. Jenkins; Carolyn Sue Jenkins; Chris Mark Chad, LLC, a Colorado limited liability company; Johnson Ranch Land Co., LLC, a Colorado limited liability company; LP47, LLC, a Colorado limited liability company, and Black Forest Road Land Co., LLC, a Colorado limited liability company, Appellees.

No. 02CA1718.

Colorado Court of Appeals, Div. III.

Sept. 25, 2003.

Certiorari Denied March 15, 2004.*

---

* Justice KOURLIS would grant as to the following issue:

Did the court of appeals err by reversing the trial court's judgment that landowners' "proportionate contribution [to repayment of the district's

outstanding bonded indebtedness] shall be calculated by comparing the assessed value of the [landowners'] property with the total assessed valuation of the District, measured as of the effective date of the exclusion order," and order-

Hanes & Schutz, P.C., Richard W. Hanes, Timothy J. Schutz, Elana L. Sabovic, Colorado Springs, CO, for Appellant.

Grimshaw & Harring, P.C., Wayne B. Schroeder, Jody Harper Alderman, Julie Karon Blakley, Denver, CO, for Appellees.

Opinion by Judge MARQUEZ.

Black Forest Fire/Rescue Protection District appeals the summary judgment calculating the share of the District's indebtedness to be paid by David D. Jenkins; Carolyn Sue Jenkins; Chris Mark Chad, LLC; Johnson Ranch Land Co., LLC; LP 47, LLC; and Black Forest Road Land Co., LLC (landowners), whose properties were excluded from the District. We reverse and remand.

In November 2001, the District obtained voter approval of a mill levy increase that allowed it to issue $2,680,000 in general obligation bonds to finance the construction of a new fire station and the purchase of related equipment.

In February 2002, landowners filed a petition to have their properties excluded from the District pursuant to § 32–1–502, C.R.S. 2002. The trial court granted their motion for summary judgment and determined the manner in which landowners' proportionate share of repayment of the bonded indebtedness would be calculated. The court ordered that landowners must pay a proportionate share of the District's outstanding indebtedness based on the ratio of the assessed value of the excluded property to the total assessed valuation of the District existing on the effective date of the court's exclusion order. It then entered an order excluding the landowners' property from the District.

The District contends that the trial court erred as a matter of law in thus calculating the excluded parcels' liability. We agree.

Summary judgment is appropriate only when the pleadings and supporting documents demonstrate that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. *Vail/Arrowhead, Inc. v. Dist. Court,* 954 P.2d 608 (Colo.1998).

Here, the material facts are not in dispute, and the trial court ruled that pursuant to statute the calculation of the excluded properties'

proportionate share toward repayment of the district's outstanding bonded indebtedness shall be based on the assessed value of the Petitioners' property existing on the effective date of the order excluding Petitioners' property from the District. C.R.S. § 32–1–503(1). Accordingly, the Petitioners' proportionate contribution shall be calculated by comparing the assessed value of the Petitioners' property with the total assessed valuation of the District, mea-

ing instead that landowners' "excluded properties shall be assessed in the same manner and subject to the same levy for repayment of the

outstanding bonds as all other properties in the District."

sured as of the effective date of the exclusion order.

Our review of a trial court's interpretation of a statute is de novo. When interpreting a statute, we attempt to implement the intent of the General Assembly. To discern that intent, we look first to the plain language of the statute and interpret statutory terms in accordance with their commonly accepted meanings. *Bodelson v. City of Littleton*, 36 P.3d 214 (Colo.App.2001); *see Bd. of County Comm'rs v. Vail Assocs., Inc.*, 19 P.3d 1263 (Colo.2001).

Section 32-1-501, et seq., C.R.S.2002, sets forth the provisions for exclusion of territory from a special district. Section 32-1-1201, C.R.S.2002, establishes the procedure to be used by special districts in levying and collecting taxes. It provides, in relevant part, that the board shall determine in each year the amount of money necessary to be raised by taxation and shall fix a rate of levy which, when levied upon every dollar of valuation for assessment of taxable property within the special district, will raise the amount required to supply funds for paying all interest on and principal of bonds. *See* § 32-1-1201(1), C.R.S.2002.

Section 32-1-1204, C.R.S.2002, requires that "[a]ll real property included within, or excluded from, a special district shall thereafter be subject to the levy of taxes for the payment of its proportionate share of any indebtedness of the district outstanding at the time of inclusion or exclusion."

These statutes contain no statement limiting the excluded parcel's liability. However, § 32-1-503(1), C.R.S.2002, provides:

> For the purpose of retiring the special district's outstanding indebtedness and the interest thereon existing at the effective date of the exclusion order ... excluded territory shall be obligated to the same extent as all other property within the special district but only for that proportion of such outstanding indebtedness and the interest thereon existing immediately prior to the effective date of the exclusion order. The board shall levy annually a property tax on all such excluded and remaining property ... to pay such outstanding indebtedness and the interest thereon.

There is no language in the statutory scheme to support the court's judgment. To the contrary, the statutes provide that "[a]ll real property ... shall ... be subject to levy," § 32-1-1204, and that "excluded territory shall be obligated to the same extent as all other property" within the special district. Section 32-1-503(1).

Any reliance by the trial court on the language of § 32-1-503(1), stating that "the excluded territory shall be obligated ... but only for that proportion of such outstanding indebtedness and the interest thereon existing immediately prior to the effective date of the exclusion order," is misplaced.

In our view, the word "proportion" in the statute refers to the relationship between a district's outstanding indebtedness prior to the exclusion and its total outstanding indebtedness. There is nothing in the statute to suggest it refers to any relationship between the assessed value of the excluded properties and the assessed value of a district as a whole. *See Dikeou v. Dikeou*, 928 P.2d 1286 (Colo.1996)(in general, an exception not expressly made by the legislature should not be read into a statute by the courts); *Karoly v. Indus. Comm'n*, 65 Colo. 239, 176 P. 284 (1918)(an exception not made by the legislature cannot be read into the statute).

The phrase "the excluded territory shall be obligated to the same extent as all other property within the special district" compels the conclusion that the excluded property is to be valued and assessed in the same manner, and subject to the same mill levy, as all other property within the District.

As argued by the District, the trial court's interpretation here would result in a ratio that is calculated and fixed as of the date of the exclusion order and would not account for changes in the value of the properties. Under this approach, a property owner could limit his or her parcel's liability for repayment of the outstanding bonds by filing a petition for exclusion and shift the burden to the remaining properties.

Landowners contend that case law supports the trial court's approach and the con-

clusion that a "pro rata share" denotes a ratio with respect to amounts of taxes. They rely on *City & County of Denver v. Board of Directors*, 37 Colo.App. 496, 498, 549 P.2d 1090, 1092 (1976), for its holding that "the excluded territory is subject only to a levy for taxes for a pro rata share of the district's indebtedness outstanding on January 1, 1975." However, that opinion holds only that the property excluded is subject to all property taxes levied for 1974 and that for 1975 the excluded territory is subject only to a levy for taxes for a pro rata share of the district's indebtedness outstanding on January 1. It says nothing about the formula for assessment applied by the trial court here.

Accordingly, the judgment is reversed with respect to the calculation of the excluded properties' share of repayment of the District's bonded indebtedness. The case is remanded to the trial court for entry of a new judgment that the excluded properties shall be assessed in the same manner and subject to the same levy for repayment of the outstanding bonds as all other properties in the District.

Judge ROY and Judge HUME ** concur.