**In re the ESTATE OF Forrest W. QUACKENBUSH, Deceased.**

**Carol R. Bean, as Personal Representative of the Estate of Forrest W. Quackenbush, Appellant,**

v.

**Indiana Department of State Revenue, Inheritance Tax Division, Appellee.**

No. 49T10–0810–TA–61.

Tax Court of Indiana.

April 22, 2010.

John L. Walkey, Cheryl M. Knodle, Ball Eggleston PC, Lafayette, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Kristen M. Kemp, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

FISHER, J.

The Estate of Forrest W. Quackenbush (Estate) appeals the Tippecanoe Circuit Court's (probate court) order determining its inheritance tax liability. The Court restates the issue for review in this case as whether, for inheritance tax purposes, the beneficiary should be classified as a Class A or as a Class C transferee, given that she was adopted pre-emancipation during the lifetime of her biological grandfather.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On May 21, 2007, Forrest W. Quackenbush (Forrest) died testate. At the time of his death, Forrest's trust, in relevant part, stated:

Upon [my] death ..., the Co–Trustees shall ... at the end of each calendar year, pay all the annual net income AND approximately five percent (5%) of the principal of the trust ... as follows: (a) one-half in equal shares to the three (3) children of [my] deceased daughter, Lois Lynn Lynch–Rothert[:] James Edmund Lynch, Jessica Ward Lynch and Pamela Stewart Martin (a daughter of said Lois Lynn Lynch–Rothert who was given up for adoption after birth), or to the issue, *per stirpes* of any of the named beneficiaries in this paragraph [ ] who are not living at such time[.]

(Appellant's App. at 19.)

On February 2, 2008, the Estate filed its inheritance tax return, reporting, *inter alia,* that Pamela Stewart Martin (Pamela) was Forrest's biological granddaughter and that her two sons, Miles and Matthias Martin (Miles and Matthias), were his great-grandsons. Therefore, the Estate treated Pamela, Miles, and Matthias as Class A transferees in computing its inheritance tax liability. (*See* Appellant's App. at 22–23.) On March 14, 2008, the probate court accepted, as filed, the Estate's inheritance tax return and therefore determined that the Estate owed $32,885.52 in inheritance tax.

On June 23, 2008, the Indiana Department of State Revenue, Inheritance Tax Division (Department) filed a "Petition for Rehearing and Redetermination of Inheritance Tax" (Petition) with the probate court. In its Petition, the Department asserted that because Pamela had been adopted pre-emancipation, for purposes of the inheritance tax, both she and her children should have been classified as Class C transferees rather than as Class A transferees. (Appellant's App. at 24.) In turn, the Department explained that that classification would have, *inter alia,* allowed Pamela, Miles, and Matthias with only a $100 exemption on the property interests transferred, and not a $100,000 exemption as reported on the return. (*See* Appellant's App. at 24–25.) As a result, the Department claimed that the Estate owed an additional $29,699.14 in inheritance tax plus interest. (*See* Appellant's App. at 25.)

On July 29, 2008, after holding a hearing on the matter, the probate court issued an order granting the Department's Petition. In the order, the probate court stated that it believed that:

Indiana courts have made it clear that when children are adopted-out all ties must sever to the natural family, meaning it is not possible to treat adopted-out children as Class A transferees. In addition, the possibility of natural children breaking confidentiality records, receiving du[e]l Class A inheritance, or forcing themselves into the inheritance of other

blood relatives is enough to treat adopted-out children as [C]lass C transferees, regardless of the [d]ecedent's intent.

(Appellant's App. at 10.) Accordingly, the probate court ordered the Estate to pay an additional $29,699.14 in inheritance tax plus statutory interest.

On August 28, 2008, the Estate filed an appeal with this Court. The Court heard the parties' oral arguments on January 30, 2009. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

■ The Indiana Tax Court acts as a true appellate tribunal when reviewing an appeal of a probate court's determination concerning the amount of Indiana inheritance tax due. IND.CODE ANN. § 6–4.1–7–7 (West 2010). *In re Estate of Young*, 851 N.E.2d 393, 395 (Ind.Tax 2006) (citation omitted). Accordingly, while the Court will afford the probate court great deference in its role as the finder of fact, it will review the probate court's legal conclusions *de novo*. *Id.* (citations and footnote omitted).

## DISCUSSION

■ The Estate contends that the probate court erred in determining that Pamela, Miles, and Matthias were Class C transferees under Indiana Code § 6–4.1–1–3. According to the Estate, nothing within that statute or the inheritance tax statutes in general prevents an adoptee "from being treated as *both* a lineal descendant of her natural ancestor … *and* as the natural child of her adopti[ve] parents for inheritance tax purposes." (Appellant's Br. at 5.) (*See also* Oral Argument Tr. at 5–8.) As a result, the Estate argues that, for inheritance tax purposes only, Pamela, Miles, and Matthias should be classified as Class A transferees because

Pamela's adoption had no cognizable legal or actual effect on the biological ties between Forrest and Pamela, Miles, and Matthias. (*See* Appellant's Br. at 5–6, 13–14; Appellant's Reply Br. at 6–8.)

The Department asserts that the resolution of the issue is not contingent upon the inheritance tax statutes alone; reference must also be made to the adoption, intestacy succession, and testacy succession statutes. (*See* Appellee's Br. at 3–6.) By looking at all those statutes together, explains the Department, the legislature's intent is clear: Pamela's adoption "severed" her biological tie to Forrest, in a legal sense, and as a result, the probate court correctly held that she and her children should be classified as Class C transferees for inheritance tax purposes. (*See* Appellee's Br. at 2.)

The issue of whether a person, adopted pre-emancipation during the lifetime of her biological grandfather but who was subsequently named as a beneficiary in his trust, is a Class A or a Class C transferee is one of first impression in Indiana. (*See* Appellant's App. at 6–7 ¶ 7.) Other jurisdictions, however, have addressed similar issues. *See, e.g., People v. Estate of Murphy*, 29 Colo.App. 195, 481 P.2d 420 (Colo. Ct.App.1971); *Palmer v. Kingsley*, 27 N.J. 425, 142 A.2d 833 (N.J.1958); *Barnum v. Dep't of Revenue*, 5 Or. Tax 508 (Or. T.C. 1974). While the holdings from those jurisdictions are not binding on this Court, their analysis of the issues is particularly instructive in that each court analyzed the interrelationship between its descent and devise statutes and its inheritance tax statutes. *See, e.g., Estate of Murphy*, 481 P.2d at 421–22; *Palmer*, 142 A.2d at 835–37; *Barnum*, 5 Or. Tax at 509–18, 525. *See also Ind. Dep't of State Revenue, Inheritance Tax Div. v. Estate of Pickerill*, 855 N.E.2d 1082, 1085 (Ind. Tax Ct.2006) (providing that statutes relating to the same

general subject matter are in *pari materia* and should be construed together so as to produce a harmonious result) (citation omitted).

█ The overall design of Indiana's probate code with respect to the distribution of property is to treat an adopted child as the natural child of the adoptive parents only.[1] *See generally In re Walz*, 423 N.E.2d 729, 731 (Ind.Ct.App.1981) (footnote added). Indeed, Indiana's intestacy succession statute provides:

> For all purposes of intestate succession, including succession by, through, or from a person, both lineal and collateral, an adopted child *shall be treated as a natural child of the child's adopting parents, and the child shall cease to be treated as a child of the natural parents[.]*

IND.CODE ANN. § 29–1–2–8 (West 2007) (emphasis added). *See also, e.g., Earle v. Indiana Nat'l Bank*, 246 Ind. 251, 204 N.E.2d 652 (1965) (holding that under Indiana's intestacy succession statute, an adopted child can only inherit from his adopting parents, grandparents, and relatives and not from his natural parents, grandparents, or relatives). Similarly, Indiana Code § 29–1–6–1 provides that for purposes of

> construing a will [that makes] a devise to a person or persons described by relationship to the testator or to another, any person adopted prior to the person's twenty-first birthday before the death of the testator *shall be considered the child of the adopting parent or parents and not the child of the natural . . . parents.*

IND.CODE ANN. § 29–1–6–1(d) (West 2007) (emphasis added). In 2003, the General Assembly added a similar provision to Indiana's trust code:

> [I]n construing a trust naming as beneficiary a person described by relationship to the settlor or to another, a person adopted before: (1) the person is twenty-one (21) years of age; and (2) the death of the settlor; *shall be considered the child of the adopting parent or parents and not the child of the natural . . . parents.*

IND.CODE ANN. § 30–4–2.1–2(a) (West 2007) (emphasis added). Accordingly, the General Assembly has unambiguously determined that, for purposes of inheritance, a child adopted pre-emancipation by unrelated individuals should be placed in a family status equal to that of a natural child of those adoptive parents only. Thus, the child's biological ties to her natural parents are *legally* severed. *See, e.g., In re Adoption of T.B.*, 622 N.E.2d 921, 924 (Ind. 1993) (stating that an adoption establishes a family unit, " 'sever[ing] the child entirely from its own family tree and engraft[ing] it upon that of another.' As a result of the adoption, the adopted child becomes the legal child of the adoptive parent") (citations omitted). With these principles in mind, the Court now turns to Indiana Code § 6–4.1–1–3.

Indiana Code § 6–4.1–1–3 provides that "a legally adopted child is to be treated as if the child were the natural child of the child's adopting parent if the adoption occurred before the individual was totally emancipated." IND.CODE ANN. § 6–4.1–1–3(d) (West 2007). In turn, the statute defines a "Class A transferee" as:

> dress the descent and devise states in relation to *in loco parentis* relationships, given that the Estate has not claimed that Pamela and Forrest shared such a relationship. (*See* Appellant's Br. at 2.)

1. The Court need not address Indiana's devise and descent law with respect to stepparent adoptions or adoptions by other blood relatives because Pamela's adoptive parents were not related to her or Forrest by blood or marriage. Likewise, the Court need not ad-

[A] transferee who is a: (1) lineal ancestor of the transferor; (2) lineal descendant of the transferor; (3) stepchild of the transferor, whether or not the stepchild is adopted by the transferor; or (4) lineal descendant of a stepchild of the transferor, whether or not the stepchild is adopted by the transferor.

*Id.* at (a). A "Class C transferee" is "a transferee, except a surviving spouse, who is neither a Class A nor a Class B transferee."[2] *Id.* at (c) (footnote added). The Court, having considered Indiana Code § 6–4.1–1–3 in relation to the aforementioned adoption and descent and devise statutes, concludes that the probate court correctly determined that the legislature did not intend to confer Class A transferee status to Pamela, Miles, or Matthias.

Nevertheless, the Estate argues that such a construction of Indiana Code § 6–4.1–1–3 is incorrect because the statute "does *not* say that [an adoptee] is no longer to be treated as a lineal descendant of an ancestor by blood for tax purposes." (Appellant's Br. at 6–7.) Moreover, the Estate contends that while Indiana's adoption and descent and devise statutes "treat [ ] adopted child[ren] differently for purposes of that part of the code[,]" these statutes do not actually sever an adoptee's biological ties to her natural ancestors. (*See* Oral Argument Tr. at 6–7.) (*See also* Appellant's Reply Br. at 4–6 (citing IND. CODE ANN. § 31–19–16–1 *et seq.* (West 2010) (regarding the establishment of post-adoption contact for natural parents); IND. CODE ANN. § 31–19–16.5–1 *et seq.* (West 2010) (regarding the establishment of post-adoption sibling contact)).) The Estate's arguments, however, are misplaced.

■ The clear thrust of Indiana's adoption and inheritance statutes and the case law interpreting these statutes provides that in non-relative adoption cases, the natural parent-child relationship is no longer recognized. *See, e.g.,* IND.CODE ANN. § 31–19–15–1(a) (West 2010) (providing that "if the biological parents of an adopted person are alive, the biological parents are: (1) relieved of all legal duties and obligations to the adopted child; and (2) divested of all rights with respect to the child; and the parent-child relationship is terminated after the adoption"). *See also supra* pp. 129–30 (citing A.I.C. §§ 29–1–2–8, –6–1, 30–4–2.1–2). Likewise, the legal recognition of the relationship between a *child* adoptee and her biological grandparents is, for the most part, dissolved in non-relative adoption cases. *See, e.g., In re Adoption of I.K.E.W.,* 724 N.E.2d 245, 249 n. 6 (Ind.Ct.App.2000) (reiterating that the grandparent visitation rights provided under Indiana Code § 31–17–5–9 are in derogation of the common law) (citation omitted). *But cf. e.g., Baker v. Lee,* 901 N.E.2d 1107, 1110 (Ind.Ct.App.2009) (holding that a paternal grandmother's adoption of her grandchildren did not sever the maternal grandfather's visitation rights) *with In re Guardianship of J.E.M.,* 870 N.E.2d 517, 522–23 (Ind.Ct.App.2007) (holding that maternal grandmother's visitation rights as to her grandson, who had not been adopted by any third party, were not extinguished when his mother was adopted by her second cousins at the age of twenty-two).[3]

This Court must endeavor to apply Indiana Code § 6–4.1–4–3 logically and

---

**2.** A "Class B transferee" is "a transferee who is a: (1) brother or sister of the transferor; (2) descendant of a brother or sister of the transferor; or (3) spouse, widow, or widower of a child of the transferor." IND.CODE ANN § 6–4.1–1–3(b) (West 2007). The parties

agree that Pamela, Miles, and Matthias are not Class B transferees. (*See* Oral Argument Tr. at 4.)

**3.** Moreover, in Indiana, an adoptee's biological relatives do not even have a preferential

not in a manner that produces an absurd result or renders the other statutes meaningless, superfluous, or a nullity. *See Estate of Young*, 851 N.E.2d at 398–99. Accordingly, neither the purported silence of the statute nor the fact that an adoptee may have continued interaction with her biological relatives means that she remains the legal child of her birth parents post-adoption. *See supra* p. 130. *See also, e.g., In re Visitation of Menzie*, 469 N.E.2d 1225, 1227 (Ind.Ct.App.1984) (holding that step-mother's adoption of her step-daughter severed the child's natural maternal grandmother's visitation rights), *trans. denied.*

### CONCLUSION

Forrest's trust plainly evidences that Pamela's adoption had no effect on him; in

legal right to adopt. *See In re Adoption of I.K.E.W.*, 724 N.E.2d 245, 249 n. 6 (Ind.Ct.

his eyes, she was family. The Court, however, cannot legitimize that familial relationship for inheritance tax purposes, as doing so would be the equivalent of restoring that which the law has already severed: namely, that Pamela is the legal child of Forrest's daughter and thus, the legal grandchild of Forrest. Consequently, the probate court's order is AFFIRMED.

App.2000) (citation omitted).