ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**JOHN P. LOWREY**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

ATTORNEYS FOR APPELLEES:

**KEVIN M. ALERDING**
**PHILIP A. WHISTLER**
ICE MILLER LLP
Indianapolis, IN

**DAVID A. BAKER**
**PEGGY A. QUINN**
McDERMOTT WILL & EMERY LLP
Chicago, IL

**RICHARD B. URDA, JR.**
ATTORNEY AT LAW
South Bend, IN

_____

# IN THE
# INDIANA TAX COURT

FILED
Sep 30 2015, 10:28 am
CLERK
of the supreme court,
court of appeals and
tax court

_____

|  |  |  |
|---|---|---|
| INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, | ) ) ) | |
| Appellant, | ) ) | Cause No. 71T10-1211-TA-00074 |
| v. | ) ) | |
| JAMES F. KEENAN and WELLS FARGO BANK, N.A., as Co-Personal Representatives of the ESTATE OF JUDD LEIGHTON, | ) ) ) ) | |
| Appellees. | ) ) | |

_____

ON APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Peter Nemeth, Judge
Case No. 71J01-0602-EU-000007

_____

**FOR PUBLICATION**
**September 30, 2015**

FISHER, Senior Judge

The Indiana Department of State Revenue, Inheritance Tax Division appeals the

St. Joseph Probate Court's order that determined that the Estate of Judd Leighton timely filed with the Department its claim for refund of inheritance tax paid. The sole issue before the Court is whether the Probate Court erred in making that determination. The Court finds that the Probate Court did indeed err.

**FACTS AND PROCEDURAL HISTORY**

Mary Leighton died on March 16, 2001. Prior to her death, Mary created a revocable trust that in turn created a marital deduction trust for the benefit of her husband, Judd, who survived ("the Marital Trust").

After Mary's death, a dispute concerning the management and disposition of certain assets within her estate arose between several of her heirs and Judd. Litigation ensued in the Probate Court. (See, e.g., Appellant's App. at 273-74.) On December 19, 2005, while that litigation was still pending, Judd died.

On September 11, 2006, Judd's Estate filed a petition for extension of time to file its Indiana inheritance tax return.[1] The Probate Court granted the petition, extending the time for Judd's Estate to file its return to March 19, 2007. Nonetheless, Judd's Estate remitted an estimated inheritance tax payment, in the amount of $1.375 million, to the St. Joseph County Treasurer on September 15, 2006.[2] (Appellant's App. at 249-50.)

On March 15, 2007, Judd's Estate filed its Indiana inheritance tax return with the Probate Court. The return reported an Indiana inheritance tax liability of $1,317,801

---

[1]  Judd's Estate was required to file its Indiana inheritance tax return by September 19, 2006. See IND. CODE § 6-4.1-4-1 (2005) (amended 2010) (stating that inheritance tax returns are due within 9 months of the decedent's death).

[2]  Judd's Estate made this estimated payment to preserve its right to the 5% statutory discount for early payment. See IND. CODE § 6-4.1-9-2 (2005); 45 IND. ADMIN. CODE 4.1-9-2(a) (2005).

and claimed a refund of $57,199.[3] (Appellant's App. at 248.) The return also indicated that a final adjudication in the pending litigation between Mary's heirs and Judd's Estate could possibly impact the amount of inheritance tax Judd's Estate actually owed. (See Appellant's App. at 273-74.)

On March 19, 2007, the Probate Court issued an "Order Determining Inheritance Tax Due" (Order), accepting the return of Judd's Estate as filed. (See Appellant's App. at 276-80.) The Probate Court then forwarded the inheritance tax return to the Department. The Department did not challenge the Probate Court's Order; it did, however, file an appearance as an intervening party in the pending Probate Court litigation between Mary's heirs and Judd's Estate because it was "interested in [its] outcome . . . and its implications on the Indiana inheritance tax due by [Judd's E]state." (Appellant's Br. at 5; Appellant's App. at 17-18; Appellees' App. at 3-4, 15.) In January of 2009, Mary's heirs and Judd's Estate settled their litigation with the approval of the Probate Court. (See Appellees' App. at 19-21.)

On February 18, 2010, the Internal Revenue Service sent a Notice of Deficiency to Judd's Estate assessing it with an additional federal estate tax liability. (See Appellees' App. 23 ¶ 3.) The Notice of Deficiency was based on the IRS's belief that Judd's Estate used an improper methodology to calculate the fair market value of Judd's interest in the Marital Trust. (See Appellees' App. 23 ¶ 3.) Judd's Estate filed a petition in the United States Tax Court on May 18, 2010, challenging the additional federal estate tax assessment. (See Appellees' App. 24 ¶ 4.)

---

[3] The return reported inheritance tax due of $1,387,159, less the 5% discount of $69,358, for a net total of $1,317,801. (Appellant's App. at 248.) Because it had previously made an estimated payment of $1,375,000, the Estate claimed a refund of $57,199 (i.e., $1,375,000 minus $1,317,801). (Appellant's App. at 248.)

While the federal litigation was pending, Judd's Estate discovered that when Mary's estate filed its Indiana inheritance tax return, it did not elect QTIP status for the Marital Trust transfer even though it elected such status for federal estate tax purposes.[4] (See, e.g., Appellant's App. at 28-29 ¶¶ 7-9, 282.) Consequently, Indiana inheritance tax had ultimately been paid twice on the transfer of the Marital Trust property: once by Mary's estate and then again by Judd's Estate. (See, e.g., Appellant's App. at 29 ¶ 10, 174, 282.)

In April of 2011, Judd's Estate and the IRS resolved their issue regarding the proper valuation of Judd's interest in the Marital Trust and filed a stipulation of settlement with the United States Tax Court. (See Appellant's App. at 288-90; Appellees' App. at 24 ¶ 6.) Their stipulation agreement recognized that in calculating its federal estate tax liability, Judd's Estate was entitled to take a deduction equal to the amount it paid in Indiana inheritance taxes. (See Appellant's App. at 289 ¶ 5.) Accordingly, to the extent Judd's Estate indicated that it was attempting to recover its payment of Indiana inheritance tax related to the QTIP issue, the IRS agreed to keep the federal matter open until the refund issue had been resolved with the Department. (See Appellant's App. at 289-90 ¶¶ 5-6.)

On August 9, 2011, Judd's Estate filed a claim with the Department seeking a refund of $644,998, which incorporated the refund of $57,199 as initially claimed on its inheritance tax return as well as the $587,799 of Indiana inheritance tax it paid relating to the QTIP issue. (Appellant's App. at 281-96.) The Department denied the refund claim on the basis that it had not been timely filed. (Appellant's App. at 297.)

---

[4] For a general discussion regarding QTIPs and their election, see In re Estate of Young, 851 N.E.2d 393, 396-97 (Ind. Tax Ct. 2006).

4

On November 22, 2011, Judd's Estate filed a "Complaint For Refund of Overpayment of Tax" with the Probate Court. (Appellant's App. at 27-35.) The Department subsequently moved to dismiss the Complaint, arguing that because the refund claim had not been timely filed, the Probate Court lacked subject matter jurisdiction. (See Appellant's App. at 41-51.) Judd's Estate responded with a motion for summary judgment, claiming that it was entitled to judgment as a matter of law because it did timely file its refund claim with the Department. (See Appellant's App. at 214-29.)

On October 15, 2012, the Probate Court conducted a hearing on the parties' motions. The Probate Court, ruling from the bench, denied the Department's motion to dismiss and granted summary judgment in favor of the Estate. (See Probate Court Hr'g Tr. at 45.)

The Department appealed to this Court on November 20, 2012. The Court heard oral argument on April 12, 2013. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

The Indiana Tax Court acts as a true appellate tribunal when it reviews an appeal of a probate court's determination concerning a claim for refund of inheritance tax. IND. CODE § 6-4.1-10-5 (2015); In re Estate of Young, 851 N.E.2d 393, 395 (Ind. Tax Ct. 2006). Accordingly, while the Court will afford the Probate Court great deference in its role as the finder of fact, it will review its legal conclusions de novo. In re Estate of Young, 851 N.E.2d at 395.

## LAW

Indiana Code § 6-4.1-10-1 governs claims for refund of Indiana inheritance taxes paid. When Judd's Estate filed its claim for refund of inheritance tax with the

5

Department, the statute read as follows:

> A person may file with the department of state revenue a claim for the refund of inheritance or Indiana estate tax which has been erroneously or illegally collected. Except as provided in section 2 of this chapter, <u>the person must file the claim within three (3) years after the tax is paid or within one (1) year after the tax is finally determined, whichever is later</u>.

IND. CODE § 6-4.1-10-1(a) (2011) (amended 2013) (emphasis added).

If the Department denied the taxpayer's claim for refund, the taxpayer could initiate an appeal with the appropriate probate court within ninety days of the Department's order denying the refund. See IND. CODE § 6-4.1-10-4(a) (2011) (amended 2013). If, however, the taxpayer had not filed its refund claim with the Department within the time limits prescribed by Indiana Code § 6-4.1-10-1, the probate court did not have subject matter jurisdiction to hear the appeal. See In re Estate of Compton, 406 N.E.2d 365, 371-72 (Ind. Ct. App. 1980).

**DISCUSSION**

The issue before the Court is whether the Probate Court erred in determining that Judd's Estate timely filed with the Department its claim for refund of inheritance tax paid. To resolve that issue, the Court must determine when, under Indiana Code § 6-4.1-10-1, the inheritance tax liability of Judd's Estate was "finally determined."

The Department's position is that the inheritance tax liability of Judd's Estate was finally determined when the Probate Court issued its Order on March 19, 2007. (Appellant's Br. at 8.) The Department explains that pursuant to Indiana Code § 6-4.1-10-1, Judd's Estate therefore had until the latter of March 19, 2008 (one year from the date of the Order) or September 15, 2009 (three years from the date of its payment of inheritance tax) to file its refund claim with the Department. (Appellant's Br. at 8, 13;

6

Oral Arg. Tr. at 18.) Because Judd's Estate did not file its claim for refund with the Department until August 9, 2011, the Department maintains that the Probate Court erred in determining that it had subject matter jurisdiction to hear the matter and should have dismissed the case instead. (Appellant's Br. at 13.)

Judd's Estate takes the position, however, that when it filed its refund claim on August 9, 2011, its Indiana inheritance tax liability had not yet been "finally determined." More specifically, Judd's Estate argues that an estate's Indiana inheritance tax liability cannot be finally determined until its federal estate tax liability is finally determined. (See, e.g., Appellees' Br. at 8-9 (stating that under Indiana Code § 6-4.1-5-1.5, "[t]he finally-determined federal estate tax values of property interests are presumptively controlling for state inheritance tax purposes"), 13-14 (alluding to the fact that under Indiana Code § 6-4.1-7-6, the Department may consider a probate court's order determining inheritance tax due as "provisional"), 21 (asserting that because it has not yet issued a closing letter in this matter, the Department must not believe that the Probate Court's Order finally determined the tax liability of Judd's Estate).) Accordingly, Judd's Estate points to the fact when it filed its refund claim with the Department on August 9, 2011, its federal estate tax liability was "still unresolved." (Appellees' Br. at 16-17.)

When a statute is clear and unambiguous, the Court need not apply the rules of statutory construction other than to require its words and phrases be taken in their plain, ordinary, and usual sense. City of Carmel v. Steele, 865 N.E.2d 612, 618 (Ind. 2007). When a statute is susceptible to more than one interpretation, as it is here, it is ambiguous and the Court must therefore apply other well-established rules of statutory

7

construction. See id.

The foremost of these other rules is that the Court must determine and implement the intent of the Legislature in enacting that statute. See DeKalb Cnty. E. Cmty. Sch. Dist. v. Dep't of Local Gov't Fin., 930 N.E.2d 1257, 1260 (Ind. Tax Ct. 2010). Generally, the best evidence of legislative intent is found in the actual language of the statute itself. Johnson Cnty. Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue, 568 N.E.2d 578, 581 (Ind. Tax Ct. 1991), aff'd by 585 N.E.2d 1336 (Ind. 1992). The actual language of Indiana Code § 6-4.1-10-1 as it read during the period at issue in this case, however, does not provide the Court with any clues as to the meaning of the phrase "finally determined." Consequently, the Court may consider both the history and the subsequent development of the inheritance tax refund claim statute for clues. See Sangralea Boys Fund, Inc. v. State Bd. of Tax Comm'rs, 686 N.E.2d 954, 957 (Ind. Tax Ct. 1997), review denied.

Prior to 1980, Indiana's inheritance tax refund claim statute explicitly linked the deadline for filing a refund claim to either the payment of the tax or the court order that determined the tax. See, e.g., 1937 Ind. Acts 847 (providing that a refund claim was to be filed within three years of payment or within one year of the order "by the court of highest resort having jurisdiction in the premises," whichever was later (emphasis added)); IND. CODE § 6-4.1-10-1 (1976) (stating that a claim for an inheritance tax refund must be filed "within three (3) years after the tax is paid or within one (1) year after the tax is finally determined by the highest court hearing the matter, whichever is later" (emphasis added)). In 1980, the Legislature changed the wording of the statute to state, simply, that a refund claim was to be filed "within three (3) years after the tax is

8

paid or within one (1) year <u>after the tax is finally determined</u>, whichever is later." 1980 Ind. Acts 647 (emphasis added). In 2013, the Legislature changed the statutory wording again, providing that the refund claim was to be filed "within[] (1) three (3) years after the tax is paid[] or (2) one (1) year after the tax is <u>finally determined under IC 6-4.1-5-10[,]</u> whichever is later." 2013 Ind. Acts 2515 (emphasis added). <u>See also</u> IND. CODE § 6-4.1-5-10 (2013) (requiring probate courts to issue orders determining the amount of inheritance tax due).

Based on these statutory iterations, the Court finds that the Legislature has always intended that the deadline for filing an Indiana inheritance tax refund claim be tied to either the payment of the tax or the probate court order determining the amount of inheritance tax due. Nevertheless, Judd's Estate argues that because the version of the statute that existed between 1980 and 2013 did not explicitly refer to a court order, it stood for something entirely different. (<u>See</u> <u>generally</u> Appellees' Br. at 14-15; Appellees' Supplemental Br. at 1-3.) The Court does not find the argument persuasive.

Given that the Indiana inheritance tax refund statutes both prior to 1980 and after 2013 clearly tied the deadline for filing a refund claim to a court's order determining the amount of Indiana inheritance tax due, it is more logical to presume the Legislature intended the same meaning for the version of the statute that existed between 1980 and 2013. <u>See</u> <u>Badawi v. Orth</u>, 955 N.E.2d 849, 852 (Ind. Ct. App. 2011) (explaining that because courts presume the Legislature intends statutes to be applied logically, they will not read statutes in such a way that creates absurd results). Thus, when the Legislature amended the refund statute in 1980 and again in 2013, it never intended to change the meaning of the statute; rather, it was simply attempting to express more

9

succinctly its intent: that the deadline for filing a refund claim was tied to either the payment of the tax or to the court order determining the tax. See Indiana Dep't of Revenue v. Kitchin Hospitality, LLC, 907 N.E.2d 997, 1002 (Ind. 2009) (stating that "[w]here it appears that the Legislature amends a statute to express its original intention more clearly, the normal presumption that an amendment changes a statute's meaning does not apply" (citation omitted)). Consequently, in this case, the Probate Court's Order "finally determined" the Indiana inheritance tax liability of Judd's Estate.

Moreover, the Court is not persuaded by the argument that the Indiana inheritance tax liability of Judd's Estate was not finally determined when it filed its refund claim because its federal estate tax liability was "still unresolved." For instance, as Judd's Estate has correctly noted, "[t]he finally determined federal estate tax value of a property interest is presumed to be the fair market value of the property interest for Indiana inheritance tax purposes[.]" IND. CODE § 6-4.1-5-1.5(b) (2011). (See also Appellees' Br. at 8-9.) Nonetheless, the record before the Court demonstrates that neither the federal estate tax nor the Indiana inheritance tax liabilities of Judd's Estate were being "held up" on a valuation issue. (See Appellant's App. at 288-90; Appellees' App. at 24 ¶ 6 (indicating that the issue between Judd's Estate and the IRS as to the valuation of Judd's interest in the Marital Trust for purposes of federal estate tax liability was resolved well before Judd's Estate filed its Indiana inheritance tax refund claim with the Department).) Here, the only thing "holding up" the federal estate tax liability of Judd's Estate is whether it can deduct the amount of Indiana inheritance taxes it paid related to the QTIP issue. This is, in turn, contingent upon whether Judd's Estate receives a refund from the Department for the Indiana inheritance tax it related to that

10

QTIP issue.

Furthermore, while the Department may indeed accept a probate court's order determining inheritance tax due as "provisional," it may do so only "[i]f the final determination of federal estate tax shows a change in the fair market value of the assets of a decedent's estate or a change in deductions[.]" IND. CODE § 6-4.1-7-6(a)-(b) (2011) (emphasis added). See also Estate of Neterer v. Indiana Dep't of State Revenue, 956 N.E.2d 1214, 1218 n.6 (Ind. Tax Ct. 2011), review denied. Here, whether Judd's Estate is ultimately entitled to take a deduction on its federal estate tax return for the amount it paid in Indiana inheritance taxes related to the QTIP issue does not impact or change the fair market value of the assets in Judd's Estate nor does it impact or change the deductions Judd's Estate can take on its Indiana inheritance tax return. See IND. CODE § 6-4.1-3-13 (2011) (listing the deductions an estate can take for purposes of Indiana inheritance tax). Thus, there is no reason in this case for the Department to declare the Probate Court's Order provisional.

Finally, given the fact that the Probate Court's Order determined the Indiana inheritance tax liability of Judd's Estate, the Court need not impart any meaning to the Department's lack of a closing letter in this matter. Indeed, as Judd's Estate explains, the closing letter simply indicates that there are no outstanding federal issues that might cause the Department to declare a probate court's order provisional under Indiana Code § 6-4.1-7-6 and that the Department has therefore closed its file and is sending it to storage. (See, e.g., Oral Arg. Tr. at 57.) As just discussed, there was and is no reason for the Department to declare the Probate Court's Order provisional under Indiana Code § 6-4.1-7-6.

The Court finds that the Probate Court's Order finally determined the Indiana inheritance tax liability of Judd's Estate. Pursuant to Indiana Code § 6-4.1-10-1, Judd's Estate therefore had until the latter of March 19, 2008 (one year from the date of the Order) or September 15, 2009 (three years from the date of its payment of inheritance tax) to file its refund claim with the Department. Because Judd's Estate did not file its claim for refund with the Department until August 9, 2011, the Probate Court lacked subject matter jurisdiction and should therefore have dismissed the case.

Nonetheless, Judd's Estate is entitled to the initial refund of $57,199 it claimed on its Indiana inheritance tax return. Indeed, to the extent the Department has argued that it was improper for Judd's Estate to claim a refund on the return itself (see Appellant's Br. at 12-13 (asserting that taxpayers cannot "modify" inheritance tax returns and that Judd's Estate never provided the Department with any supporting documents or an explanation demonstrating why it was entitled to the refund)), the Court rejects that argument for two reasons. First, there was no statute or administrative regulation that prevented Judd's Estate from claiming a refund on its inheritance tax return. (See Appellant's Br. at 12-13; Appellant's Reply Br. at 15-16.) But see 2013 Ind. Acts 2515 (amending Indiana Code § 6-4.1-10-1, effective January 1, 2013, to add the requirement that a person seeking an inheritance tax refund must "file [the] claim . . . on a form prescribed by the department of state revenue"). Second, it is abundantly clear from the inheritance tax return why Judd's Estate claimed the refund. See infra, note 3. (See also Appellant's App. at 247 (indicating that the Department received notice in September 2006 – six months before Judd's Estate filed its inheritance tax return – that Judd's Estate made an estimated inheritance tax payment of $1.375 million).)

## CONCLUSION

For the above stated reasons, the Court REVERSES the Probate Court's entry of summary judgment in favor of the Estate. The Court REMANDS the matter to the Probate Court with instructions to order the Department to issue a refund of $57,199, plus all applicable statutory interest, to Judd's Estate.