ATTORNEY FOR PETITIONER:
**MARK J. LIECHTY**
AMMEEN VALENZUELA
ASSOCIATES LLP
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA
**WINSTON LIN**
**ZACHARY D. PRICE**
**CHRISTOPHER M. ANDERSON**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

FILED
Nov 13 2019, 12:16 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

| | |
|---|---|
| CROWN PROPERTY GROUP, LLC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 18T-TA-00027 |
| | ) |
| INDIANA DEPARTMENT OF STATE | ) |
| REVENUE, and ADAM J. KRUPP, | ) |
| | ) |
| Respondents. | ) |

## ORDER ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

**FOR PUBLICATION**
**November 13, 2019**

WENTWORTH, J.

Crown Property Group, LLC ("Crown") has challenged the Indiana Department of State Revenue's final determination that denied its request for a refund of the collection fees and bank fees attributable to a withholding tax assessment for the period ending on December 31, 2014 (the "period at issue"). The matter is currently before the Court on the parties' cross-motions for summary judgment. The issue before the Court is whether the Department's Proposed Assessment, Demand Notice, and Tax Warrant were validly

issued in conformance with the notice requirements under Indiana Code §§ 6-8.1-5-1 and 6-8.1-8-2.[1] The Court grants summary judgment to Crown.

## FACTS AND PROCEDURAL HISTORY

The following facts are not in dispute. During the period at issue, Crown, a domestic limited liability company, was located at 155 East Market Street, Suite 860, Indianapolis, Indiana 46204 (the "Suite 860 address"). (Resp'ts' Mem. Supp. Mot. Summ. J. ("Resp'ts' Mem.") at 5 (citing Pet'r Pet. Original Tax Appeal Final Determination Ind. Dep't State Revenue ¶ 1), Ex. 1 at 14.) The company had no employees and had not paid wages to any individual since the third quarter of 2009. (Joint Stipulation of Facts ("Jt. Stip.") ¶ 3.) As a result, Crown stopped filing withholding tax returns in 2009; it did not, however, close its withholding registration account with the Department until several years later. (See Jt. Stip. ¶¶ 4, 15-16.)

On March 23, 2015, the Department issued a Proposed Assessment to Crown for over $2,000 of withholding tax, interest, and penalties for the period at issue. (Jt. Stip. ¶ 7, Ex. A.) The Department sent the Proposed Assessment to the address of Crown's former attorney-in-fact, Summit PM, LLC ("Summit"), at 241 North Pennsylvania Street, Indianapolis, Indiana 46204-2405 (the "Pennsylvania Street address"). (See Jt. Stip. ¶ 7, Ex. A; Resp'ts' Mem., Ex. 1 at 14, 16, 19, 23, Ex. 2, Ex. 3 at 10.) Summit forwarded the Proposed Assessment to Crown. (Resp'ts' Mem., Ex. 1 at 30, Ex. 3 at 10.)

On April 29, 2015, Crown's owner filed an Indiana Business Tax Closure Request form ("Form BC-100") with the Department, requesting that it close the company's

[1] The parties have designated evidence that contains confidential information. Accordingly, the Court will provide only that information necessary for the reader to understand its disposition of the issue presented. See generally Ind. Administrative Rule 9.

2

withholding registration account because it had no employees.  (See Jt. Stip. ¶ 8, Ex. B; Resp'ts' Mem., Ex. 1 at 30.)  The Department, however, did not process the Form BC-100 because it lacked supporting documentation and was not notarized.  (See Jt. Stip. ¶ 20, Ex. K at 1.)  (See also Jt. Stip. ¶ 8, Ex. B.)

On June 15, 2015, the Department converted the Proposed Assessment into a Demand Notice that provided Crown had ten days to pay over $2,500 of withholding tax, interest, and penalties.  (See Jt. Stip. ¶ 10, Ex. C.)  The Department sent the Demand Notice to Crown at the Pennsylvania Street address.  (Jt. Stip. ¶ 10, Ex. C.)

On July 13, 2015, after Crown failed to pay the tax liability, the Department converted the Demand Notice into a Tax Warrant for the full amount of the tax, interest, penalties, and collection fees.  (See Jt. Stip. ¶ 11, Ex. D.)  The Department sent the Tax Warrant to Crown at the Pennsylvania Street address and filed it with the Clerk of the Marion County Circuit Court.  (See Jt. Stip. ¶ 11, Ex. D.)  See also, e.g., IND. CODE § 6-8.1-8-2(c) (2019) (providing that "the department . . . may not file [a tax] warrant with the circuit court clerk of any county in which the person owns property until at least twenty (20) days after the date the demand notice was mailed to the taxpayer").  Two days later, the Department's collection agent filed a duplicate tax warrant with the Marion County Circuit Court Clerk for over $3,000 of withholding tax, interest, penalties, collection fees, clerk's costs, and damages.  (See Jt. Stip. ¶ 12, Ex. E.)

On June 27, 2016, nearly a year after filing the duplicate tax warrant, the Department's collection agent levied $1,711.30 from Crown's bank account.  (Jt. Stip. ¶ 13, Ex. F.)  As a result, the bank charged Crown a $100.00 fee.  (Jt. Stip. ¶ 14.)

On October 13, 2017, Crown sent a letter to the Department requesting a refund

3

of "any assets and/or money that has been seized" because its Form BC-100 shows that it "was no longer required to be registered for [withholding] tax as of December 31, 2009." (Pet'r Br. Supp. Mot. Declaratory J., Pet'r Mot. Summ. J., & Pet'r Pet. Permanent Inj. ("Pet'r Br."), Pet'r Designation Evid. ("Pet'r Des'g Evid."), Ex. A-3.) Then, on November 22, 2017, Crown's owner filed another Form BC-100 with the Department that was notarized. (Jt. Stip. ¶ 15, Ex. G.) The following week, the Department closed Crown's withholding registration account. (Jt. Stip. ¶ 16.)

On December 20, 2017, Crown filed a claim for a refund of $1,811.30 (i.e., the $100.00 bank fee plus the amount levied). (See Jt. Stip. ¶ 17, Ex. H.) The refund claim provided that Crown's mailing address was 155 East Market Street, Suite 750, Indianapolis, Indiana 46204 (the "Suite 750 address"), not the Suite 860 address. (See Jt. Stip. ¶ 17, Ex. H.) (See also Resp'ts' Mem., Ex. 1 at 14 (providing that in December 2017, Crown moved from Suite 860 to Suite 750).) On January 30, 2018, the Department sent a letter to Crown at the Suite 750 address, requesting that it submit additional information so that the Department could complete the processing of its refund claim. (Resp'ts' Mem., Ex. 4.) On February 20, 2018, after Crown failed to submit the requested information, the Department denied Crown's refund claim. (Jt. Stip. ¶ 19, Ex. J at 5.)

On March 22, 2018, Crown filed a protest, claiming that its refund claim was "wrongfully denied" because it never received the Department's January 30 letter and the Department did not have the authority to collect the withholding tax in the first place. (See Jt. Stip. ¶ 19, Ex. J at 1-2.) On August 8, 2018, after holding a hearing, the Department issued a Letter of Findings that sustained Crown's protest in part and denied it in part. (Jt. Stip. ¶ 20, Ex. K.) Specifically, in its final determination the Department explained

4

that although Crown established it was entitled to a refund of the amount attributable to the withholding tax assessment (i.e., $1,460.68), it failed to show it should recoup the collection and bank fees because nothing indicated "that either the Department or its agent failed to follow the proper procedures in this matter." (See Jt. Stip. ¶ 20, Ex. K at 4; Resp'ts' Mem. Opp'n Pet'r Mot. Summ. J., Mot. Declaratory J., & Pet. Permanent Inj. ("Resp'ts' Resp. Mem.") at 13 n.4.)

On November 7, 2018, Crown initiated this original tax appeal. On May 8, 2019, the parties filed their cross-motions for summary judgment. On July 25, 2019, the Court held a hearing on the parties' cross-motions. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

Summary judgment is proper only when the designated evidence demonstrates that no genuine issues of material fact[2] exist and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). When reviewing a motion for summary judgment, the Court will construe all properly asserted facts and reasonable inferences drawn therefrom in favor of the non-moving party. See Scott Oil Co. v. Indiana Dep't of State Revenue, 584 N.E.2d 1127, 1128-29 (Ind. Tax Ct. 1992). Cross-motions for summary judgment do not alter this standard. Horseshoe Hammond, LLC v. Indiana Dep't of State Revenue, 865 N.E.2d 725, 727 (Ind. Tax Ct. 2007), review denied.

## LAW

During the period at issue, if the Department reasonably believed that a person

---

[2] A genuine issue of material fact exists when a fact concerning an issue that would dispose of the case is in dispute or when the undisputed facts support conflicting inferences regarding the resolution of an issue. Miller Pipeline Corp. v. Indiana Dep't of State Revenue, 995 N.E.2d 733, 734 n.1 (Ind. Tax Ct. 2013).

had not reported the proper amount of withholding tax due, it was required to make a proposed assessment of the amount of the unpaid tax based on the best information available to it. See IND. CODE § 6-8.1-5-1(b) (2014). "The amount of the assessment [was] considered [to be] a tax payment not made by the due date and [was] subject to IC 6-8.1-10 concerning the imposition of penalties and interest." I.C. § 6-8.1-5-1(b). The Department was required to send "the person notice of the proposed assessment through the United States mail" that stated he had sixty (60) days from the date the notice was mailed to pay the assessment or file a written protest. I.C. § 6-8.1-5-1(b), (d).

If the person failed to pay the tax or file a written protest within the statutorily prescribed period, the Department was required to "issue a demand notice for the payment of the tax and any interest or penalties accrued on the tax[.]" IND. CODE § 6-8.1-8-2(a) (2014) (amended 2016). The person then had ten days from the date the Department mailed the demand notice to either pay the amount demanded or show reasonable cause for not paying. I.C. § 6-8.1-8-2(a).

If the person did not pay the amount demanded or show reasonable cause for not paying within the prescribed period, the Department could issue a tax warrant for, among other things, the amount of the tax, clerk's costs, and any collection fees authorized under Indiana Code § 6-8.1-8-4(b). I.C. § 6-8.1-8-2(b). The collection fees and clerk's costs attached upon the issuance of the tax warrant. See I.C. § 6-8.1-8-2(b). The Department could not, however, "file the [tax] warrant with the circuit court clerk of any county in which the person own[ed] property until at least twenty (20) days after the date the demand notice was mailed to the taxpayer." I.C. § 6-8.1-8-2(c).

The Department was authorized to contract with a collection agency for the

6

collection of the delinquent tax plus, among other things, collection fees when "(1) an unsatisfied warrant ha[d] been issued by the [D]epartment; or (2) [it] received a tax payment by check or other instrument drawn upon a financial institution, and the check or other instrument was not honored by [the] institution." IND. CODE § 6-8.1-8-4(a) (2014). The collection fees became due and owing by the taxpayer when the amended tax warrant that added the collection fees was filed with the circuit court clerk. I.C. § 6-8.1-8-4(c).

## ANALYSIS

On appeal, Crown maintains that as a matter of law it is entitled to a refund of $1,811.30, the full amount attributable to the Department's withholding tax assessment for the period at issue, because the Department failed to provide it with adequate notice of its purported withholding tax liability as required by statute. (See, e.g., Pet'r Br. at 10-14.) Crown also seeks $5,443.90 in damages in addition to attorney's fees pursuant to Indiana Code § 34-52-2-2.[3] (See Pet'r Mot. Summ. J.; Hr'g Tr. at 75-76.)

### I. Notice

Crown claims it is entitled to a refund of $1,811.30, not $1,460.68, because when the Department issued its Proposed Assessment, Demand Notice, and Tax Warrant (collectively, the "Withholding Notifications") it failed to comply with the notice requirements of both Indiana Code §§ 6-8.1-5-1 and 6-8.1-8-2. (See Pet'r Br. at 10-14;

---

[3] Crown also claims that it is entitled to a full refund and attorney's fees because the Department converted its assets and violated several provisions of the U.S. and Indiana Constitutions. (See, e.g., Pet'r Br. Supp. Mot. Declaratory J., Pet'r Mot. Summ. J., & Pet'r Pet. Permanent Inj. ("Pet'r Br.") at 6-10.) The Court, however, does not reach these additional claims because this case is resolved on other grounds. See, e.g., Bethlehem Steel Corp. v. Indiana Dep't of State Revenue, 597 N.E.2d 1327, 1330 (Ind. Tax Ct. 1992), aff'd by 639 N.E.2d 264 (Ind. 1994) (providing that when cases are resolved on statutory grounds, the Court need not address constitutional claims).

Pet'r Resp. Opp'n Resp'ts' Mot. Summ. J. ("Pet'r Resp. Br.") at 4-6; Hr'g Tr. at 77-78.) The Department, on the other hand, claims it satisfied all of the statutory notice requirements because Crown received the Withholding Notifications after the Department mailed them to Crown at the "best address it had on file." (See Resp'ts' Resp. Mem. at 10-14; Resp'ts' Reply Supp. Summ. J. ("Resp'ts' Reply Mem.") at 5-8; Hr'g Tr. at 51-54.) Alternatively, the Department contends that Crown did not actually need notice of the Withholding Notifications because it had an opportunity to dispute the tax at the administrative level. (See Resp'ts' Mem. at 12; Resp'ts' Reply Mem. at 8; Hr'g Tr. at 53-54.) In addition, the Department contends that Crown should be estopped from contesting the validity of the Tax Warrant pursuant to the doctrine of res judicata.[4] (See Resp'ts' Mem. at 13-14; Hr'g Tr. at 53-54.)

At the outset, all of the parties' arguments indicate that the crux of the issue before the Court is whether the Department's Withholding Notifications are valid because they were issued in conformance with the notice requirements under Indiana Code §§ 6-8.1-5-1 and 6-8.1-8-2. Indeed, if the Department's Withholding Notifications are valid, then its final determination is correct, and the Department is entitled to judgment as a matter of law. If, however, the Department's Withholding Notifications are invalid, then Crown is entitled to a full refund because all of the fees arising from the Department taking the Demand Notice to the Tax Warrant stage are likewise invalid. See, e.g., Garwood v. Indiana Dep't of State Revenue, 953 N.E.2d 682, 690 (Ind. Tax Ct. 2011) (holding the

---

[4] During the hearing, the parties also questioned whether the Department had a "reasonable belief" that Crown had failed to remit the proper amount of withholding tax for the period at issue. (See, e.g., Hr'g Tr. at 10-13, 34-39.) Nonetheless, the Court will not address this issue on appeal because the parties' written briefs neither raised nor specifically designated evidence on this issue. (See generally, e.g., Pet'r Br.; Resp'ts' Mem. Supp. Mot. Summ. J.)

Department's jeopardy assessments were void when it failed to comply with the statutory requirements for issuing the jeopardy assessments), review denied.

During the period at issue, Indiana Code § 6-8.1-5-1(b) provided that "[t]he department shall send [a] person notice of [a] proposed assessment through the United States mail."  I.C. § 6-8.1-5-1(b).  Indiana Code § 6-8.1-8-2 required the demand notice issued to a taxpayer for the payment of a delinquent tax must state "the person has ten (10) days from the date the department mails the notice to either pay the amount demanded or show reasonable cause for not paying the amount demanded."  I.C. § 6-8.1-8-2(a)(1).  The statute further provided that "[w]hen the department issues a tax warrant, it may not file the warrant with the circuit court clerk of any county in which the person own[ed] property until at least twenty (20) days after the demand notice was mailed to the taxpayer."  I.C. § 6-8.1-8-2(c).

When statutory language is clear and unambiguous, it is the duty of this Court to give effect to the plain meaning of the statute.  See Indiana Dep't of State Revenue v. Horizon Bancorp, 644 N.E.2d 870, 872 (Ind. 1994) (stating that unambiguous statutes must be read to mean what they plainly express, and their plain meanings may not be enlarged or restricted); Indiana Dep't of State Revenue v. Keenan, 42 N.E.3d 1056, 1060 (Ind. Tax Ct. 2015) (providing that a clear and unambiguous statute should be understood in its plain, ordinary, and usual sense).  The language employed by the Legislature in Indiana Code §§ 6-8.1-5-1(b) and 6-8.1-8-2(a)(1) and (c) is clear:  while the Department was required to provide Crown with notice of the Withholding Notifications through the U.S. mail, it did not need to provide Crown with actual notice to satisfy the statutory notice requirements.  See I.C. §§ 6-8.1-5-1(b), -8.1-8-2(a)(1), (c) (requiring only that notice be

9

mailed, not received).

These statutes do not, however, prescribe where the Department is to mail the notices or whether a taxpayer has a duty to inform the Department of its current mailing address.  But see, e.g., Reeder Assocs. II v. Chicago Belle, LTD, 778 N.E.2d 828, 831-32 (Ind. Ct. App. 2002) (explaining that Indiana's tax sale statutes specify where county auditors are to send notice of tax sales and require property owners to provide their correct mailing addresses to county auditors), trans. denied.  Accordingly, the question is whether the Department's mailing of Crown's Withholding Notifications to the Pennsylvania Street address, under these specific facts, comported with basic principles of fairness and justice, i.e., was the mailing reasonably calculated to apprise Crown of the Withholding Notifications.  See, e.g., Mullane v. Central Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950) (providing that an elementary and fundamental requirement of due process "is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of [an] action and afford them an opportunity to present their objections") (citations omitted).

The Department maintains that it complied with all applicable statutory notice requirements because the facts show that it provided Crown with "notice and multiple opportunities to [] avoid [the] bank levy" by sending the Withholding Notifications to the best address in its files, i.e., the Pennsylvania Street address.  (See Resp'ts' Mem. at 12; Resp'ts' Resp. Mem. at 12, 14.)  The Department explains that because taxpayers may authorize any number of individuals to receive their tax information, it should be able to rely on the contact information in its possession as well as any updated address information provided to the Department by taxpayers themselves.  (See Resp'ts' Reply

10

Mem. at 6-7.) Accordingly, the Department claims that it was reasonable to send the Withholding Notifications to Crown at its de facto attorney's Pennsylvania Street address because Crown's power of attorney form was "the most recent filing in its possession" and Crown "never provided the Department with updated contact information" after it terminated its relationship with Summit in 2013. (See Resp'ts' Reply Mem. at 7.)

The designated evidence does not show, however, that the Department relied on "the most recent filing its possession" for purposes of complying with the statutory notice requirements of Indiana Code §§ 6-8.1-5-1(a) and 6-8.1-8-2(a)(1) and (c). Indeed, the power of attorney form authorized Summit to receive Crown's confidential tax information for the 2006 through 2009 tax period only. (Resp'ts' Mem., Ex. 2.) Moreover, it listed Crown's address as the Suite 860 address and Summit's address as 111 Monument Circle, Suite 4750, Indianapolis, Indiana 46204. (Resp'ts' Mem., Ex. 2.)

With respect to the Pennsylvania Street address, the Department maintains it was proper to send the Withholding Notifications to that address because Summit handled Crown's tax issues until the 2013 tax year, and it was reasonable to conclude that Summit provided the Department with that address. (See Resp'ts' Mem. at 6 n.2, Ex. 1 at 19, Ex. 3 at 9.) (But see Resp'ts' Mem. at 6 n.2; Resp'ts' Reply Mem. at 7 n.2 (providing that the evidence does not demonstrate how the Department obtained the Pennsylvania Street address or why it sent the documents to that address); Pet'r Br. at 11-12 (citing Pet'r Des'g Evid., Ex. A-4 at Interrog. No. 24 (recognizing that the Department was not able to identify the particular source of the Pennsylvania Street address)).) Although it is reasonable to assume that Summit provided its new address to the Department, it does not follow that the Department complied with the statutory notice requirements by sending

11

the Withholding Notifications to the Pennsylvania Street address.  Even though Summit continued to serve as Crown's property manager until 2013, the designated evidence does not establish that Summit was authorized to represent Crown in tax matters beyond the 2006 through 2009 tax years.  (See Hr'g Tr. at 44-45 (acknowledging that the Department did not have another power of attorney form that extended beyond 2009).)  Furthermore, the Department has not identified any legal authority that allowed it to satisfy the statutory notice requirements by sending the Withholding Notifications to an entity that was not authorized to receive them.  But see, e.g., IND. CODE § 6-8.1-7-1(a) (2019) (prohibiting the Department from disclosing a taxpayer's confidential tax information to others unless certain conditions are met).

The Department urges the Court to overlook these facts and hold Crown responsible for the fees associated with an erroneous withholding assessment because 1) when Crown stopped filing its withholding tax returns in 2009, it failed to advise the Department that it had no employees or income; 2) Crown failed to inform the Department that as of 2013 Summit was no longer its attorney-in-fact; and 3) even though Crown had actual notice of the Withholding Notifications, it simply filed a "defective" Form BC-100 rather than paying the withholding tax or filing a protest.  (See Resp'ts' Mem. at 10-11; see also Hr'g Tr. at 44 (arguing that because Crown knew Summit represented it in tax matters beyond the 2009 tax year, the power of attorney form restrictions did not matter).)  The Department's claims are unpersuasive for several reasons.

First, the designated evidence indisputably shows that the power of attorney form contained Crown's correct mailing address and limited Summit's representation of Crown to the 2006 through 2009 tax years.  (See Resp'ts' Mem., Ex. 2.)  (See also Resp'ts'

12

Mem., Ex. 1 at 14 (providing that Crown was located at the Suite 860 address from 2009 through December 2017).)  Therefore, for purposes of the notice provisions under Indiana Code §§ 6-8.1-5-1(b) and 6-8.1-8-2(a)(1) and (c), Crown did not need to update its mailing address with the Department or advise the Department that it had no employees in 2009 or that Summit's tenure as its property manager concluded in 2013.  Instead, the Department simply needed to review its own records.  See, e.g., Reeder, 778 N.E.2d at 834-35 (providing that for purposes of providing adequate notice under the tax sale statutes, a "county auditor is deemed to be aware of the contents of the records maintained in its office" and thus should have been cognizant of the discrepancy in the mailing address it used).

Second, even if actual notice were required, which it is not, the designated evidence does not reasonably indicate that Crown received actual notice of the Demand Notice or the Tax Warrant.  Specifically, when Crown's owner received the Proposed Assessment from Summit, he promptly filed the first BC-100 with the Department, which contained Crown's appropriate mailing address, in an attempt to halt the entire assessment process.  (See Resp'ts' Mem., Ex. 1 at 30, Ex. 2 at 31 (providing that Crown's owner believed that his filing of the first Form BC-100 had resolved the matter).)  Although the Department's Letter of Findings states that it returned the rejected Form BC-100 to Crown, the Department has not designated any evidence to support that statement or specified to what address the Form BC-100 was mailed.  (See Jt. Stip. ¶ 20, Ex. K at 1.)  Therefore, the only reasonable inference to be drawn from the facts is that Crown did not receive actual notice of the rejected Form BC-100, the Demand Notice, or the Tax Warrant because if it had, it would have attempted to follow-up with the Department in

13

some manner, just as it did when it received the Proposed Assessment from Summit.

Third, the designated evidence does not indicate exactly what prompted the Department to select one mailing address over another. For instance, while it is clear that Summit was not authorized to represent Crown for the 2014 tax year and the power of attorney form and Crown's first Form BC-100 contained its correct mailing address, the Department did not send any of the Withholding Notifications to the Suite 860 address. Instead, the Department used the Pennsylvania Street address, which was acquired from an unknown source in an unspecified manner and maintained in an unidentified location. Furthermore, although the Department explained that taxpayers could update their contact information by telephone, (see Hr'g Tr. at 50), it could not explain why Crown's first Form BC-100 could not have served that very purpose given that neither method of communication would be notarized. This is especially troublesome because the designated evidence shows that after the Department received Crown's refund claim listing the Suite 760 address, the Department updated its records and sent all of its future correspondences to Crown at that address.

Finally, the Department has not designated any evidence or provided persuasive argument to explain why it was overly burdensome to send the Withholding Notifications to Crown's address on the power of attorney form, a form that the Department both maintains in its records and requires taxpayers to file before disclosing their confidential tax information to other entities. Consequently, the undisputed facts in this case do not establish that the Department comported with basic principles of fairness and justice by providing notice that was reasonably calculated to apprise Crown of the Withholding Notifications or that it provided Crown with an opportunity to present its objections to the

14

Department at a meaningful time. Therefore, the Withholding Notifications are void because they did not meet the requirements of Indiana Code §§ 6-8.1-5-1(b) and 6-8.1-8-2(a)(1) and (c).

## II. Damages and Attorney's Fees

In its motion for summary judgment, Crown asks for an award of damages in the amount of $5,433.90; it did not request damages in any of its other filings. (See generally Pet'r Mot. Summ. J.; Pet'r Br.; Pet'r Reply Supp. Pet'r Mot. Summ. J.; Pet'r Resp. Br.) In addition, near the end of the summary judgment hearing, Crown stated, for the first time, that it may be entitled to an award of attorney's fees under Indiana Code § 34-52-2-2. (Hr'g Tr. at 75-76 (admitting that it had not cited this statute as a basis for an award of attorney's fees in its written briefs).) Crown's failure to raise the issue of attorney's fees under Indiana Code § 34-52-2-2 in a timely manner, to designate evidence in support of its request, and to develop sufficient argument regarding this issue is fatal to its claim. See, e.g., Scopelite v. Indiana Dep't of Local Gov't Fin., 939 N.E.2d 1138, 1145 (Ind. Tax Ct. 2010) (indicating that the Court will not resolve an issue when its proponent fails to provide sufficient legal analysis); Spudich v. N. Ind. Pub. Serv. Co., 745 N.E.2d 281, 287-89 (Ind. Ct. App. 2001) (holding that new arguments may be raised in a reply brief on summary judgment), trans. denied. Nonetheless, the Court orders the Department to refund to Crown an amount equal to its filing fee as damages.

## CONCLUSION

For the aforementioned reasons, the Court GRANTS Crown's Motion for Summary Judgment and DENIES the Department's Motion for Summary Judgment. Crown is entitled therefore to a refund of its filing fee plus $1,811.30, the entire amount levied by

15

the Department's collection agent that comprises the withholding tax, the collection fee, and the bank fee.[5]

SO ORDERED this 13th day of November, 2019.

Martha Blood Wentworth
Judge, Indiana Tax Court

DISTRIBUTION:  Mark J. Liechty, Winston Lin, Zachary D. Price, Christopher M. Anderson

---

[5] The Court reminds the parties of the applicable provisions for the payment of interest in Indiana Code § 6-8.1-9-2 not only when refunding Crown its $1,811.30 as determined this day, but also when refunding the $1,460.68 that the Department determined on August 8, 2018, was an erroneously exacted withholding tax, but it had not yet been refunded to Crown on the summary judgment hearing date of July 25, 2019.  (See Hr'g Tr. at 56.)